UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ROBERT GRAHAM, and J.G., an infant, by his
Father and Natural Guardian ROBERT GRAHAM,

                                    Plaintiffs,

      -against-                                             **SECOND AMENDED COMPLAINT**

CITY OF NEW YORK, WILLIAM GLENN, ANDREW
UGBOMAH, and JOHN AND JANE DOE 1 through       Jury Trial Demanded
10, individually and in their official capacities, (the names John
and Jane Doe being fictitious, as the true names are presently   08 CV 3518
unknown),                                             (KAM)(RML)

                                    Defendants,

------------------------------------------------------------------------X

        Plaintiffs ROBERT GRAHAM, and J.G., an infant, by his Father and Natural Guardian, ROBERT GRAHAM, individually, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:[a]

## Preliminary Statement

        1.      Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the States of New York and the United States. Plaintiffs also assert supplemental state law claims.

## JURISDICTION

        2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution.

---

[a] "J.G." represents the initials of the minor plaintiff, whose name has been redacted in accordance with Federal Rule 5.2(a)(3).

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff ROBERT GRAHAM is a citizen of the United States, and at all relevant times was a resident of Brooklyn, New York. ROBERT GRAHAM is the Father and Natural Guardian of plaintiff J.G., who, at the time of the incident, was approximately four years of age.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, WILLIAM GLENN, ANDREW UGBOMAH, and JOHN and JANE DOE 1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS[b]

12.     On or about June 8, 2007, at approximately 5:25 p.m., plaintiff ROBERT GRAHAM was lawfully operating a motor vehicle in the vicinity of Church Ave. and East 96th Street, in Brooklyn, New York. Mr. Graham was driving his four year old son, plaintiff J.G., home from school.

13.     At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without reasonable suspicion or any just cause approached Mr. Graham's vehicle, which was at the time sitting in traffic.

14.     Defendant GLENN asked Mr. Graham for his license. Mr. Graham complied with the request and remained in his vehicle with J.G.

15.     GLENN returned approximately twenty minutes later. GLENN asked Mr. Graham to produce his registration. At that time, a conversation ensued about the purported basis of GLENN issuing a summons to Mr. Graham.

16.     In direct response to plaintiff's lawful remarks to GLENN, GLENN unjustifiably grabbed Mr. Graham by his neck as he sat in the driver's seat, and pulled Mr. Graham out of the vehicle.

---

[b] The following is a summary.

3

17. Mr. Graham was then slammed into the motor vehicle, handcuffed behind his back, forcefully taken across the street, and thrown into an NYPD vehicle. The handcuffing was unjustified, and applied in an over-tightened manner that caused protracted pain and discomfort to Mr. Graham.

18. Much of the foregoing occurred in the presence of then four year old plaintiff J.G., who was traumatized and forced to watch the defendants arrest his father for no reason.

19. After Mr. Graham was forcibly pulled out of his vehicle, J.G. climbed from the rear seat of the vehicle, where he was sitting in a child car seat, to the front driver's seat of the vehicle.

20. Mr. Graham was pushed against the driver's side of the car, and a defendant was standing near the driver's door, ensuring that J.G. could not exit the vehicle. J.G. was screaming, in sum and substance, "I want my daddy."

21. As J.G. sat inside the vehicle, a defendant asked Mr. Graham if he had someone to take the child. Mr. Graham replied, in sum and substance, that his wife was at work. The officer responded by stating that they would be taking J.G. to the Administration for Children's Services.

22. Fearing for his father's and his own safety, J.G. was crying uncontrollably.

23. The defendants made no efforts to calm J.G.

24. Yvonne Fraser, a relative of J.G.'s principal who was familiar with J.G., happened to be in the vicinity. Upon information and belief, Ms. Fraser heard a defendant threaten to send J.G. to the custody of the Administration for Children's Services. It was at that approximate time that Ms. Fraser offered to take J.G.

25. The defendants released J.G. to her custody.

26. Mr. Graham pleaded with the defendants on numerous occasions to loosen or remove the tight handcuffs.

27. Despite Mr. Graham's repeated requests that the handcuffs be loosened or removed, and notwithstanding the obvious signs that Mr. Graham was in excruciating pain, neither defendant GLENN nor defendant UGBOMAH loosened the handcuffs, thereby subjecting Mr. Graham to excruciating pain and discomfort for an extended period of time. The foregoing took place while Mr. Graham sat in the cramped rear seat of the defendants' police cruiser with defendants GLENN and UGBOMAH sitting in the front seat as Mr. Graham cried in pain and pleaded with them to remove the cuffs.

28. It was only minutes before his release, after the officers were apparently debating what offense they could charge Mr. Graham with that the defendants apparently determined that Mr. Graham would be issued a summons for a non-criminal violation, rather than be put through the system. It was at that approximate time that the cuffs were removed.

29. After being detained in an NYPD vehicle for a period of time, Mr. Graham was finally issued a summons to appear in Criminal Court, falsely charging Mr. Graham with Disorderly Conduct. The summons, which was issued by the defendants despite the lack of merit or any probable cause or grounds to believe that plaintiff had committed any offense or violation, was issued to cover up the defendants' abuse of authority.

30. Notwithstanding, upon information and belief, the summons was dismissed and sealed on or around August 29, 2007 in Kings County Criminal Court.

31. All of the above occurred while GLENN and UGBOMAH failed to intervene in the illegal conduct of one another that was being committed in their presence, and that they each

had a meaningful opportunity to stop.

32. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York.

33. As a result of the foregoing, plaintiffs sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

## **Federal Claims**

### AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights Under 42 U.S.C. § 1983)

34. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "33" with the same force and effect as if fully set forth herein.

35. All of the aforementioned acts of defendants, their agents, servants and employees, including the arrest and detention of plaintiffs ROBERT GRAHAM and J.G. without probable cause or privilege, were carried out under the color of state law, and the interference with the plaintiffs' rights to familial relations.

36. All of the aforementioned acts deprived plaintiffs ROBERT GRAHAM and J.G. of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices,

procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

39. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

40. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. The level of force employed by the defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff ROBERT GRAHAM's constitutional rights.

42. As a result of the aforementioned conduct of defendants, plaintiff ROBERT GRAHAM was subjected to excessive force and sustained physical injuries.

### AS AND FOR A THIRD CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

43. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants seized, arrested and/or imprisoned plaintiffs ROBERT GRAHAM and J.G. without probable cause, privilege, or any other justification.

45. Defendants caused plaintiffs ROBERT GRAHAM and J.G. to be deprived of their right to be free from false arrest and/or unlawful imprisonment.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. §1983)

46. Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants issued plaintiff ROBERT GRAHAM a summons returnable in a New York City Criminal Court for the collateral objective of covering up their acts of brutality and abuse of authority during the arrest of the plaintiff.

48. Defendants thereby caused plaintiff ROBERT GRAHAM to be deprived of his right to be free from malicious abuse of process.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of First Amendment under 42 U.S.C. § 1983)

49. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendants battered, detained, and issued a summons to Robert Graham in retaliation for the exercise of his First Amendment right to, among other things, speak his mind and/or to otherwise verbally question or challenge the police.

51. As a result of the foregoing, plaintiff ROBERT GRAHAM'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was physically injured, humiliated and subjected to handcuffing and other physical restraints, and he was arrested and issued a summons without probable cause.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of Due Process/Interference with Familial Relations and Integrity under 42 U.S.C. § 1983)

52. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Plaintiffs ROBERT GRAHAM and J.G. have a constitutionally protected liberty interest to live together without governmental interference. The forced separation of parent from

child, even for a short time, represents a serious infringement upon both the parents' and child's rights. Defendants' unlawful acts in this case forced the unwanted separation of ROBERT GRAHAM and J.G., who was only four years old at the time of the incident.

54. As a result of the foregoing, plaintiffs' right to familial integrity was infringed, and they were injured.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

55. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Defendants had an affirmative duty to intervene on behalf of plaintiffs, whose constitutional rights were being violated in their presence by other officers.

57. The defendants failed to intervene to prevent the unlawful conduct described herein.

58. As a result of the foregoing, plaintiff ROBERT GRAHAM's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to tight handcuffing and other physical restraints, without probable cause, and subjected to unlawful and excessive force. In addition, J.G. was unlawfully seized and imprisoned.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

59. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly

supervise and train their subordinate employees.

61. As a result of the foregoing, plaintiffs were injured.

## AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

62. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

64. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to a policy and practice of using police power and authority, as well as physical force, to show who's boss and/or to retaliate against individuals who exercise their right to question police action, rather than for legitimate law enforcement purposes. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiffs ROBERT GRAHAM and J.G.'s rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

65. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs ROBERT GRAHAM

10

and J.G.

66. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs ROBERT GRAHAM and J.G. as alleged herein.

67. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs ROBERT GRAHAM and J.G. as alleged herein.

68. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff ROBERT GRAHAM was subjected to physical abuse, detained, and compelled to appear in a criminal court.

69. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs ROBERT GRAHAM and J.G.'s constitutional rights.

70. All of the foregoing acts by defendants deprived plaintiffs ROBERT GRAHAM and J.G. of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest;

    C. To be free from excessive force;

    D. To be free from malicious abuse of process;

    E. To be free from retaliation for the exercise of free speech;

  F. To be free from interference with familial relations;

  G. To be free from failure to intervene.

 71. As a result of the foregoing, plaintiffs ROBERT GRAHAM and J.G. are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury

<b><u>Supplemental State Law Claims</u></b>

 72. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

 73. Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

 74. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

 75. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

 76. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

 77. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

<b>AS AND FOR A TENTH CAUSE OF ACTION</b><br>(Assault under the laws of the State of New York)

 78. Plaintiffs repeat reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. As a result of the foregoing, plaintiff ROBERT GRAHAM was placed in apprehension of imminent harmful and offensive bodily contact.

80. As a result of defendants' conduct, plaintiff ROBERT GRAHAM has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

81. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. Defendants made offensive contact with plaintiff ROBERT GRAHAM without privilege or consent.

83. As a result of defendants' conduct, plaintiff ROBERT GRAHAM has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

84. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. Having taken custody of plaintiff J.G., who was helpless to adequately aid or protect himself, defendants assumed a duty to assure his well-being during custody. Defendants breached that duty.

86. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

87. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

88. As a result of the aforementioned conduct, plaintiff J.G. was injured.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(False Arrest/False Imprisonment under the laws of the State of New York)

89. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90. Defendants arrested and/or imprisoned plaintiffs ROBERT GRAHAM and J.G. without probable cause, privilege or any other justification.

91. Plaintiffs were detained or otherwise imprisoned due to the defendants' unlawful conduct, and ROBERT GRAHAM was subjected to physical restraints.

92. As a result of the aforementioned conduct, plaintiffs ROBERT GRAHAM and J.G. were unlawfully imprisoned in violation of the laws of the State of New York.

93. As a result of the aforementioned conduct, plaintiffs ROBERT GRAHAM and J.G. were injured.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under the laws of the State of New York)

94. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95. Plaintiff ROBERT GRAHAM was issued a summons returnable in a New York City Criminal Court for the collateral objective of covering up the defendants' acts of brutality and abuse of authority.

96. As a result of the foregoing, plaintiff ROBERT GRAHAM is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

97. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "96" with the same force and effect as if fully set forth herein.

98. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the wrongful conduct described herein.

99. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

100. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in wrongful conduct described herein.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

102. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103. Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

104. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

106. As a result of the foregoing, plaintiffs are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
August 28, 2009

> LEVENTHAL & KLEIN, LLP
> 45 Main Street, Suite 230
> Brooklyn, New York 11201
> (718) 722-4100
>
> By: _____
> BRETT H. KLEIN (BK4744)
>
> Attorneys for Plaintiffs ROBERT GRAHAM and J.G.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ROBERT GRAHAM, and J.G., an infant, by his
Father and Natural Guardian ROBERT GRAHAM,

                                                                  08 CV 3518 (KAM)(RML)
                              Plaintiffs,

         -against-

CITY OF NEW YORK, WILLIAM GLENN, ANDREW
UGBOMAH, and JOHN and JANE DOE 1 through
10, individually and in their official capacities, (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),
                              Defendants.

------------------------------------------------------------------------X


**SECOND AMENDED COMPLAINT**


LEVENTHAL & KLEIN, LLP
Attorneys for the Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100