# LEVENTHAL & KLEIN, LLP
ATTORNEYS AT LAW
45 MAIN STREET, SUITE 230
BROOKLYN, NY 11201

T (718) 722-4100
F (718) 522-3225

April 26, 2010

**VIA ECF**

The Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:   <u>Robert Graham and Jamin Graham v. City of New York, et al.</u>,
               08 CV 3518 (KAM)(RML)

Your Honor:

     I represent plaintiffs Robert Graham and Jamin Graham in the above-referenced action. I write in opposition to defendants' April 19, 2010 letter request pursuant to Local Civil Rule 6.3 for reconsideration of the Court's April 5, 2010 order barring defendants from taking the deposition of plaintiff Jamin Graham unless plaintiffs submit evidence from Jamin Graham, presumably by sworn affidavit, in opposition to defendants' anticipated motion for summary judgment. For the reasons set forth below, defendants' request for reconsideration should be denied.[1]

     "Reconsideration of a previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *In re Loral Space & Communications Ltd.*, 346 B.R. 71, 72 (S.D.N.Y. 2006) (quoting *In re Health Management Systems Inc. Securities Litigation*, 113 F. Supp.2d 613, 614 (S.D.N.Y. 2000)). "Local [Civil] Rule 6.3 should be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Allied Maritime, Inc. v. Rice Corp.*, 361 F. Supp.2d 148, 149 (S.D.N.Y. 2004). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). Defendants fail to make the requisite showing for reconsideration here.

     Defendants cite no controlling decisions or factual matter that the Court overlooked and might reasonably be expected to alter the Court's prior conclusion. Instead, they principally rely

---

[1] During the April 19, 2010 status conference in the case, defendants orally moved for reconsideration of the Court's April 5, 2010 order, and the Court orally denied reconsideration. Defendants nonetheless filed their letter request for reconsideration later that day.

upon decisions from New York State trial or intermediate appellate courts, two of which are not even reported. Defts. letter dated April 19, 2010, pp. 1-2. All of the decisions cited by defendants preceded this Court's April 5, 2010 order, most by years. Yet, defendants offer no explanation for their failure to bring these decisions to the Court's attention prior to the issuance of the April 5, 2010 order.

Defendants largely repeat the same arguments that they made in opposition to plaintiffs' motion for a protective order. *Compare* Defts. letter dated Feb. 22, 2010, pp. 2-3 (defendants need to depose Jamin Graham to determine whether he was conscious of confinement) *with* Defts. Letter dated April 19, 2010, pp. 2-3 (same). In essence, defendants seek "to relitigate arguments already considered and rejected by this Court. . . . Such arguments are appropriate on appeal but not on a motion for reconsideration." *Bennett v. Watson Wyatt & Co., Inc.*, 156 F. Supp.2d 270, 272 (S.D.N.Y. 2001). *See also Shrader v. CSX Transportation, Inc.*, 70 F.3d at 257 ("a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided"); *Allied Maritime, Inc. v. Rice Corp.*, 361 F. Supp.2d at 149 ("Courts have repeatedly been forced to warn counsel that [motions for reconsideration] should not be made reflexively, 'to reargue those issues already considered when a party does not like the way the original motion was resolved'" (quoting *Houbigant, Inc. v. ACB Mercantile*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996))). The cases cited by defendants involving 12-day-old and five-month-old infants are clearly factually inapposite.

To the extent that defendants make arguments not made in opposition to plaintiffs' motion for a protective order, including a request for a competency hearing, those arguments must be rejected for failure to timely raise. "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court . . . ." *Bennett v. Watson Wyatt & Co., Inc.*, 156 F. Supp.2d at 271.

For the foregoing reasons, and those stated by the Court when Mr. McCann's oral request for reconsideration was denied at the conference held on April 19, 2010, the defendants' motion for reconsideration should be denied.

Thank you for your consideration.

Respectfully submitted,

Brett H. Klein

cc: A.C.C. Max McCann (via ECF)

2